UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LACAL LUCKY WILSON**                                                 **CIVIL ACTION**

**VERSUS**                                                                              **NO. 14-42**

**WARDEN N. BURL CAIN**                                              **SECTION "I"(1)**

## TRANSFER ORDER

Petitioner, LACAL LUCKY WILSON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2005 state court conviction and sentence. In the instant federal application, he appears to be claiming that he was wrongly sentenced as a habitual offender and that he received ineffective assistance of counsel. A review of this Court's records reflects that he has filed several prior habeas corpus petitions related to this same conviction and sentence.

In <u>Lacal Lucky Wilson v. N. Burl Cain</u>, Civ. Action No. 10-161, petitioner raised the following grounds for relief:

1)     Petitioner received ineffective assistance of counsel in that his attorney failed to (a) file a pretrial motion to suppress a "suggestive show-up identification" of petitioner as the perpetrator; (b) challenge through cross-examination inconsistencies in the testimony of the State's witnesses concerning the perpetrator's description; and (c) raise petitioner's long-term mental history of schizophrenia that renders him incompetent to understand the proceedings against him; and

2)     Petitioner's guilty plea in Case No. 193586-C was unconstitutionally obtained in that (a) the applicable state law two-year statute of limitations had expired; (b) he was incompetent to enter the guilty plea in 1996, based upon an August 31, 1995 commitment to the state forensic facility; and (c) his counsel was ineffective in permitting him to plead guilty to a defective bill of information and in permitting use of that defective guilty plea in the habitual offender adjudication.

That petition was dismissed with prejudice on the merits by Judgment entered May 20, 2011. Petitioner appealed that judgment. His application for a certificate of appealability was denied. Lacal Lucky Wilson v. Burl Cain, No. 11-30667 (5th Cir. Nov. 29, 2011).

Petitioner then filed Lacal Lucky Wilson v. N. Burl Cain, Civ. Action No. 13-0033, another petition for writ of habeas corpus related to the same conviction and sentence. In that petition, he claimed that he received ineffective assistance of counsel on post-conviction relief and that the two-year statute of limitations was violated in connection with his arrest in 1994 for simple burglary. He also claimed that his counsel was ineffective for failing to challenge the State's identification procedures. That petition was transferred to the United States Fifth Circuit Court of Appeals as a motion for authorization to proceed with a successive petition. The Court of Appeals denied authorization to proceed. *In re:* Lacal Lucky Wilson, No. 13-30145 (5th Cir. May 1, 2013).

Petitioner then filed Lacal Lucky Wilson v. Warden N. Burl Cain, Civ. Action No. 13-4871, another petition for writ of habeas corpus related to the same conviction and sentence. In that petition, he claimed that he was denied effective assistance of counsel because "my public defender was suppose[d] to object to the judge and jury ruling but failed to do so." That petition was likewise transferred to the United States Fifth Circuit Court of Appeals as a motion for authorization to proceed with a successive petition. The Court of Appeals again denied authorization to proceed and issued a sanction warning. *In re:* Lacal Lucky Wilson, No. 13-30734 (5th Cir. Oct. 17, 2013).

The petition presently before the Court is also considered to be a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the instant petition can be considered on the merits by this District Court, petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as he obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that LACAL LUCKY WILSON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, January 10, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**